# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TORRANCE GRAHAM,

    Plaintiff,

v.

Case No. 16-cv-12258
Honorable Linda V. Parker

HEATHER CHICOWSKI, WILLER, BOWERMAN, and MICHAEL TROUTEN,

    Defendants.

_____/

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S APRIL 5, 2018 REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 43)

Torrance Graham, Petitioner, is a prisoner currently confined at Chippewa Correctional Facility of the Michigan Department of Corrections ("MDOC"). Petitioner filed a *pro se* claim under 42 U.S.C. §1983 against multiple MDOC employees (together "Defendants"): (1) Heather Chicowski, supervising nurse; (2) Tyler Willer, correctional officer; (3) Paul Bowerman, sergeant; and (4) Michael Trouten, grievance coordinator, for actions that occurred while Petitioner was confined at Duane L. Waters Health Center ("DLW") and Saginaw Correctional Facility ("SCF") in Freeland, Michigan. Petitioner alleges that Defendants violated his First and Fourteenth Amendment rights stemming from unlawful retaliation and a violation of due process.

This matter has been assigned to Magistrate Judge David. R. Grand for all pretrial proceedings, including a hearing and determination for all non-dispositive matters pursuant to 28 U.S.C. §636(b)(1)(A) and/or report and recommendations on all dispositive matters pursuant to 28 U.S.C. §636(b)(1)(B) .

I. **Background**

On September 7, 2014, Petitioner was transferred to DLW in Jackson, Michigan for intravenous antibiotic treatment. (ECF No. 1 at Pg ID 5.) During his treatment, on September 23, 2014, Petitioner noticed a visible skin burn near the IV site and inquired about the IV extension by questioning one of the treating nurses about the difference of the IV bag that he received earlier that day. (*Id.*) Although Petitioner claims he asked about the treatment in a peaceful manner, Petitioner alleges Defendant Chicowski entered the room and accused him of being "argumentative." (*Id.*) Petitioner alleges that Defendant Chicowski told the nurse in the room to document his refusal to take any medication if Petitioner continues to ask questions. (*Id.* at Pg ID 6.) As Defendant Chicowski left the room, Petitioner told Defendant Chicowski he was going to file a grievance against her. (*Id.* at Pg ID 7.)

After Defendant Chicowski left the room, Petitioner alleges Defendant Willer entered and accused him of being "argumentative" with the nurse. (*Id.*) Petitioner claims Defendant Willer told him to be quiet, stop asking questions, and

2

that "prisoners don't have rights."  Additionally, Petitioner alleges that Defendant Willer threatened to place him on "red card status." (*Id.* at Pg ID 7-8.)

According to Petitioner, the next morning, September 24, 2014 at around 2:30 a.m., an unidentified officer awoke him and his cellmate, Cliff Disney, and removed Disney from the cell.  (*Id.* at Pg ID 8.)  Petitioner alleges the officer informed him that Defendant Bowerman instructed him to place Petitioner on red card status.  (*Id.*)  Petitioner states that he did not receive a notice or hearing regarding his placement on "toplock" status per prison procedure and believes this placement was done in retaliation of telling Defendant Chicowski he was going to file a grievance.  (*Id.* at Pg ID 10.)  Petitioner claims he filed grievances against Defendants on September 24 and 26, and October 23, 2014.  (*Id.* at Pg ID 11-12.)  Also on September 24, 2014, Petitioner had a Class II and III Misconduct Hearing for disobeying a direct order on September 19, 2014.  (ECF No. 43-3.)  Petitioner was found guilty and sanctioned three days of loss privileges.  (*Id.*)

On June 17, 2016, Petitioner commenced this *pro se* action, alleging retaliation by multiple MDOC employees and a violation of due process.  (ECF No. 1.)  In response to Petitioner's complaint, on September 9, 2016, Defendants filed a motion for summary judgment under Fed. R. Civ. P. 56 (a) for failure to exhaust administrative remedies.  (ECF No. 10.)  Defendants provided the grievance report, which presented no evidence of Petitioner filing grievances on

September 24, 2014 and September 26, 2014. In response, Petitioner argued that Defendants "impeded" his ability to exhaust all administrative remedies. (ECF No. 15.) Subsequently, Petitioner filed a motion for partial summary judgment on his first amendment retaliation claim. (ECF No. 18.) On April 18, 2017, Magistrate Judge Grand issued a Report and Recommendation ("R&R") recommending the Court deny both motions without prejudice, which this Court adopted on July 20, 2017. (ECF No. 30.)

On January 26, 2018, Defendants filed a second motion for summary judgment stating: (1) Petitioner failed to establish a prima facie retaliation claim; (2) Petitioner failed to prove which "liberty interest" was at stake with regards to Petitioner's due process claim; and (3) Defendants are protected by qualified immunity. (ECF No. 43 at Pg ID 379.) On April 5, 2018, Magistrate Judge Grand issued an R&R recommending the Court grant Defendants' motion for summary judgment. (ECF No. 46 at Pg ID 614.) With respect to Petitioner's First Amendment retaliation claim, Magistrate Judge Grand concluded that Petitioner failed to demonstrate an adverse action was taken against him. (*Id.* at 621.) Additionally, Magistrate Judge Grand found that Petitioner failed to establish an "atypical and significant hardship" under Petitioner's Fourteenth Amendment due process claim. (*Id.* at 627.)

In response to Magistrate Judge Grand's R&R, Petitioner filed two separate objections, April 23, 2018 and May 3, 2018. (EFC Nos. 49 & 50.) Both objections are substantively identical. In Petitioner's objections, he asserts that Magistrate Judge Grand erred in his findings, and Defendants' motion for summary judgment should be denied.

## II. Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. §636(b)(1). The court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)(citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's R&R releases the court from its duty to review independently those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Additionally, only timely objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection, or one that merely restates the arguments previously

5

presented, does not sufficiently identify alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. Feb. 12, 2004). (An objection that does nothing more than disagrees with a magistrate judge's determination, "'without explaining the source of the error,' is not considered a valid objection."); *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991).

## III. Objections and Analysis

Petitioner lists multiple "objections" in his April 23, 2018 filing. (ECF No. 49.) Throughout his objections, Petitioner continuously asserts that Magistrate Judge Grand erred in his analysis of the case, and Defendants' motion for summary judgment should be denied. As stated in the standard of review, objections must be made specifically. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Overall, Petitioner's objections are conclusory and meritless.

First, Petitioner objects to Magistrate Judge Grand's recommendation to grant the Defendants' motion for summary judgment. (EFC No. 49 at Pg ID 637.) Petitioner asserts, "the recommendation to grant the Defendants' motion for summary judgment was a plain error" and restates the plain error standard. (*Id.*) Here, Petitioner simply reiterates the standard and objects to Magistrate Judge Grand's recommendation. (*Id.*). A party who merely disagrees with the magistrate judge's decision and generally objects to a decision has not asserted sufficient

6

grounds for an objection. *See Howard*, 932 F.2d at 509. Therefore, Petitioner's objection is denied.

Second, in his objection, Petitioner restates his First and Fourteenth amendment rights. The R&R sets forth Magistrate Judge Grand's summarization of the facts, which are directly from Petitioner's complaint. (ECF No. 49 at Pg ID 638.) . Again, in order to object to an allegation or statement, the objecting party must do so specifically. *See e.g.*, *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014) ("[P]etitioner had a duty to pinpoint those portions of the magistrate's report that the district court must specially consider") (citing *Mira*, 806 F.2d at 637). To clarify, "an objection must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Petitioner fails to address any disputes regarding the factual allegations of the case. Simply restating the First and Fourteenth Amendment is not sufficient to establish an objection. *Id.* Therefore, Petitioner's objection is denied.

Third, Petitioner objects to Magistrate Judge Grand's summary judgment standard of review. Magistrate Judge Grand accurately outlines the standard for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 49 at Pg ID 5.) Petitioner asserts that there is a genuine issue of material fact, stating that he supplied an affidavit alleging the facts are true. However, Petitioner

7

may not rely on his pleadings to defeat the Defendants' motion for summary judgment. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). The Court concludes that Magistrate Judge Grand applied the proper standard and denies Petitioner's objection.

**A. First Amendment Retaliation Claim**

Petitioner further objects to Magistrate Judge Grand's standard for "adverse action" under the retaliation claim, stating that Magistrate Judge Grand erred in applying the correct standard. (ECF No. 49 at Pg ID 14.) To establish a prima facie retaliation claim, Petitioner must prove (1) he participated in a constitutionally protected activity; (2) Defendants took an adverse action against him for engaging in the activity; and (3) there is a causal connection between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999). In the motion for summary judgment, Defendants state Petitioner was subject to loss privileges, not "toplock." (ECF No. 43 at Pg ID 385.) Additionally, Defendants contend that there was no causal connection between Petitioner's sanction of loss privileges and his behavior at the hospital because Petitioner was subject to loss privileges for the unrelated conduct of disobeying a direct order on September 19, 2014. (*Id.*) Therefore, the Petitioner failed to prove that an adverse action was taken against him concerning his dispute with medical staff.

Magistrate Judge Grand set forth the standard of an adverse action and continued to outline the Sixth Circuit's approach to test whether an action is considered to be adverse, which ultimately states that the Petitioner must prove more than a mere *de minims* effect on his protected right. (ECF No. 46 at Pg ID 621.) Assuming Petitioner was placed on toplock for threatening to file grievances against the medical staff, Magistrate Judge Grand found that being placed on toplock/loss privileges is not sufficient to deter a person with ordinary firmness from exercising a protected right because it "would [not] impose anything more than a *de minimis* effect on protected activity." (*Id.*) In short, the two sanctions are insufficient for a successful First Amendment retaliation claim. Accordingly, this Court agrees with Magistrate Judge Grand's finding that there was no adverse action and three days of loss privileges is insufficient to state a retaliation claim. *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004).

**B. Fourteenth Amendment Claim**

Petitioner objects to Magistrate Judge Grand's application of the standard under Petitioner's Fourteenth Amendment due process claim. (ECF No. 49 at Pg ID 18.) Petitioner states that Magistrate Judge Grand erred in his finding that Petitioner does not have a constitutionally protected liberty at stake.

In this situation, to succeed under a Fourteenth Amendment due process claim, the Petitioner must prove that the disciplinary sanction imposed "[an]

9

atypical and significant hardship relative to the ordinary incidents of prison life." *Bazzetta v. McGinnis*, 430 F. 3d 795, 802 (6th Cir. 2001). The basis of Petitioner's due process claim stems from him not receiving a notice or hearing for the disciplinary sanction imposed against him. (ECF No. 1 at Pg ID 17.) Magistrate Judge Grand explains that being placed on "toplock"/three days of loss privileges is not sufficient to amount to an "atypical and significant hardship because it is not an extreme circumstance which would interfere in ordinary incidents of prison life." (ECF No. 46 at Pg ID 626.) Furthermore, a hearing was held on September 19, 2014, which resulted in Petitioner's loss privileges sanction. Petitioner has failed to make any showing that his sanction was a direct result of his interaction with medical staff on September 23, 2014. Accordingly, this Court agrees with Magistrate Judge Grand's finding and denies Petitioner's objection.

### C. Qualified Immunity

As to Petitioner's objection to the finding of qualified immunity, that objection is also denied. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Due to the findings above, the Court determines the Defendants did not violate Petitioner's rights and, therefore, rejects Petitioner's objection.

## IV. Conclusion

The Court has carefully reviewed the R&R and Petitioner's objections and concurs with the conclusions reached by Magistrate Judge Grand. The Court therefore adopts the R&R.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 43) is **GRANTED.**

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 2, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 2, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager