UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORRANCE GRAHAM,

      Plaintiff,

v.

      Civil Case No. 16-12258
      Honorable Linda V. Parker
      Magistrate Judge David R. Grand

HEATHER CHICOWSKI,
TYLER MILLER, PAUL BOWERMAN
and MICHAEL TROUTEN,

      Defendants.
_____/

# OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT

Plaintiff, Torrance Graham, is a prisoner currently confined at Chippewa Correctional Facility of the Michigan Department of Corrections ("MDOC"). On June 17, 2016, Plaintiff filed a *pro se* claim under 42 U.S.C. §1983 against multiple MDOC employees (together "Defendants"): (1) Heather Chicowski, supervising nurse; (2) Tyler Miller, correctional officer; (3) Paul Bowerman, sergeant; and (4) Michael Trouten, grievance coordinator, for actions that occurred while Plaintiff was confined at Duane L. Waters Health Center ("DLW") and Saginaw Correctional Facility ("SCF") in Freeland, Michigan. (ECF No. 1.) In response to Plaintiff's complaint, on September 9, 2016, Defendants filed a motion for summary judgment under Fed. R. Civ. P. 56 (a) for failure to exhaust

1

administrative remedies.  (ECF No. 10.)  Subsequently, all pretrial matters were referred to Magistrate Judge David R. Grand.  (ECF No. 11.)

Defendants provided the grievance report, which presented no evidence of Plaintiff filing grievances on September 24, 2014 and September 26, 2014.  In response, Plaintiff argued that Defendants "impeded" his ability to exhaust all administrative remedies.  (ECF No. 15.)  Subsequently, Plaintiff filed a motion for partial summary judgment on his First Amendment retaliation claim.  (ECF No. 18.)  On April 18, 2017, Magistrate Judge Grand issued a Report and Recommendation ("R&R") recommending the Court deny both motions without prejudice, which this Court adopted on July 20, 2017.  (ECF No. 24 & 30.)

On January 26, 2018, Defendants filed a second motion for summary judgment stating: (1) Plaintiff failed to establish a prima facie retaliation claim; (2) Plaintiff failed to prove which "liberty interest" was at stake with regards to Plaintiff's due process claim; and (3) Defendants are protected by qualified immunity.  (ECF No. 43 at Pg ID 379.)  On April 5, 2018, Magistrate Judge Grand issued an R&R recommending the Court grant Defendants' motion for summary judgment.  (ECF No. 46 at Pg ID 614.)  With respect to Plaintiff's First Amendment retaliation claim, Magistrate Judge Grand concluded that Plaintiff failed to demonstrate an adverse action was taken against him.  (*Id*. at 621.)  Additionally, Magistrate Judge Grand found that Plaintiff failed to establish an

2

"atypical and significant hardship" under Plaintiff's Fourteenth Amendment due process claim. (*Id*. at 627.)

In response to Magistrate Judge Grand's R&R, Plaintiff filed two separate objections on April 23, 2018 and May 3, 2018. (EFC Nos. 49 & 50.) Both objections are substantively identical. In Plaintiff's objections, he asserted that Magistrate Judge Grand erred in his findings and Defendants' motion for summary judgment should be denied. On August 2, 2018, this Court issued an opinion and order rejecting Plaintiff's objections and adopting Magistrate Judge Grand's R&R, finding Plaintiff's objections to be "conclusory and meritless" and granting Defendants' motion for summary judgment. (ECF No. 51 at Pg ID 703.) The Court found that (1) Plaintiff merely disagreed with Magistrate Judge Grand's decision; (2) Plaintiff failed to address any disputes regarding the factual allegations; and (3) Plaintiff failed to raise a valid objection or make a sufficient showing to counter Magistrate Judge Grand's application and conclusions of fact and law. (ECF No. 51 at Pg ID 703-07.) The same day the Court entered a judgment dismissing Plaintiff's complaint with prejudice. (ECF No. 52.) Presently before the Court is Plaintiff's motion to alter or amend the judgment, filed September 6, 2018. (ECF No. 53.)

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) "allows for reconsideration; it does not permit parties to

effectively 're-argue a case.' " *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). The Court may alter or amend its judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005), cert. denied, 547 U.S. 1070, (2006). "This standard is not inconsistent with the 'palpable defect' standard" applied in this District pursuant to Local Rule 7.1(h) when addressing motions for reconsideration. *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). Pursuant to Rule 7.1, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3).

In his pending motion, Plaintiff raises the same and/or substantially similar issues he asserted in his previous briefs and his objections to Magistrate Judge Grand's R&R. These are issues on which the Court has already ruled. The Court is not persuaded that it made a clear error of law when it adopted Magistrate Judge Grand's R&R granting Defendants' motion for summary judgment. Neither does

4

the Court believe there has been an intervening change in controlling law. Nor is it necessary to alter or amend the judgment to prevent manifest injustice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to alter or amend judgment (ECF No. 53) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 27, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 27, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager