UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORRANCE A. GRAHAM,

        Plaintiff,                        Civil Case No. 16-12258
                                                      Honorable Linda V. Parker
v.

HEATHER CHICOWSKI, MILLER,
BOWERMAN, and MICHAEL TROUTEN,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S "REQUEST TO ADD DEPOSITION TRANSCRIPTS TO THE RECORD FOR APPEAL COURT"

Plaintiff, Torrance A. Graham, is a prisoner currently confined at Chippewa Correctional Facility of the Michigan Department of Corrections ("MDOC"). Plaintiff filed a *pro se* claim under 42 U.S.C. § 1983 against multiple MDOC employees (the "Defendants") for actions that occurred while Plaintiff was confined at Duane L. Waters Health Center ("DLW") and Saginaw Correctional Facility ("SCF") in Freeland, Michigan. Plaintiff alleged that Defendants violated his First and Fourteenth Amendment rights stemming from unlawful retaliation and a violation of due process. Defendants filed a motion for summary judgment, which was referred to Magistrate Judge David R Grand pursuant to 28 U.S.C. § 636(b)(1)(B). On August 2, 2018, this Court adopted Magistrate Judge Grand's April 5, 2018 Report and Recommendation, granting Defendants' Motion for

1

Summary Judgment.  (ECF No. 51.)  Plaintiff has filed an appeal, which remains pending before the Sixth Circuit.  (*Case Title*).

Presently before this Court is Plaintiff's motion seeking to include in the record the transcripts from his deposition taken via video conference on September 15, 2017 at 11:00am.  (ECF No. 57.)  Plaintiff contends that: (1) he does not know how to acquire the transcripts; (2) he cannot afford to pay for the transcripts; and (3) Defendants failed to attach the deposition, which he claims may create an issue of material fact.

The Court neither relied upon nor referred to any evidence from the deposition in its August 2, 2018 Opinion and Order that granted Defendants' Motions for Summary Judgment.  As such, the Court finds that the deposition was not part of the district court record and therefore should not be included in the record on appeal.  *See Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1475 & n.4 (10th Cir. 1993) (refusing to consider evidence not submitted to the district court and citing cases reaching the same conclusion); *Whitlock v. Duke Univ.*, 829 F.2d 1340, 1343 (4th Cir. 1987) (rejecting appellant's argument that the court should consider the contents of depositions not given to the district court); *McNeil v. City of Easton*, 694 F. Supp. 2d 375, 395 n.85 (E.D. Pa. 2010) ("Portions of a deposition transcript not filed with the district court cannot be considered by the court in deciding a motion for summary judgment."); *Phillips v. Bacho Dev. Corp.*, No. 2:04cv00041,

2

2005 WL 2276846, at *1 n.3 (W.D. Va. Sept. 18, 2005) (declining to consider deposition testimony referred to in the parties' briefs where the depositions themselves were not filed).

Accordingly,

**IT IS ORDERED** that Plaintiff's "Request to Add Deposition Transcripts to the Record for Appeal Court" (ECF No. 57) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 27, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 27, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager